# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ABDULFOTIKH SULEYMANOV,
        *Plaintiff*,

v.

No. 3:21-cv-810 (JAM)

WINSTON PREMIER LOGISTICS, LLC and
OTABEK UMAROV,
        *Defendants*.

## ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR DEFAULT ENTRY

The plaintiff in this case has moved for default entry against the two defendants—one is an individual and the other is a limited liability company. I will deny the motion for default entry against the individual for lack of a showing that he has been properly served with a summons and complaint in his name. But I will grant the motion for default entry against the company on the ground that the company has been properly served.

### BACKGROUND

The plaintiff Abdulfotikh Suleymanov has filed this lawsuit primarily seeking payment of his wages as a truck driver. He alleges that he was hired by defendant Otabek Umarov to drive a truck for Umarov's limited liability company—Winston Premier Logistics, LLC—but that the defendants failed in violation of the Fair Labor Standards Act, 29 U.S.C. § 206, to pay him for his services in May and June 2021.[1] In addition, he alleges that Umarov promised to deliver some iPhones and airpods to Suleymanov's family in Uzbekistan but that Umarov did not do so and has not returned the items to Suleymanov.[2]

---

[1] Doc. #1 at 6–8.
[2] *Id.* at 7.

1

The complaint furnishes the same street address in Oxford, Florida for both Umarov and his company.[3] It is accompanied by a copy of the company's Florida articles of organization that list this same address for both the company and for Umarov as the company's registered agent.[4]

I have previously granted Suleymanov's motion for leave to proceed *in forma pauperis*.[5] For a plaintiff who proceeds *in forma pauperis*, he is not required to hire an agent to serve process on his behalf. Instead, he may furnish the necessary address information to the Clerk's Office and then rely on the U.S. Marshals Service to serve the summons and complaint. Suleymanov did his part (and then some).[6] Suleymanov gave the Clerk's Office the defendants' address. What is less clear—and as discussed at length in this ruling—is whether the Marshals' efforts to serve the two defendants at this address satisfy the legal requirements for service of process.

As to service on Umarov, the docket reflects that the Marshals initially tried to send a waiver-of-service by Federal Express ("FedEx") but that the package was returned.[7] On the Marshals' standardized service form (USM-285), a Marshal wrote "unable to deliver" on October 7, 2021 and checked a box for "I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above."[8] The Clerk's accompanying docket entry

---

[3] *Id.* at 2.
[4] *Id.* at 8–9.
[5] Doc. #7.
[6] Beyond furnishing address information to the Clerk's office, Suleymanov himself attempted to serve the defendants in August 2021. He filed an affidavit stating that he mailed and emailed service packages to the defendants. Doc. #12. But the Federal Rules of Civil Procedure do not allow a plaintiff in an action to personally serve the defendant with process; instead, a plaintiff "must furnish the necessary copies [of the summons and complaint] to the person who makes service," and service must be performed by someone who is "not a party." Fed. R. Civ. P. 4(c)(1)–(2).
[7] Doc. #17 at 3.
[8] *Id.* at 1.

states: "Waiver of Service Returned Unexecuted by the USMS as to Otabek Umarov on 10/7/21."[9]

The next month the Marshals used FedEx to try to serve process on Umarov. The docket reflects both a standardized service form and a print-out from FedEx stating that a complaint and summons for Umarov was delivered to the Florida address on November 17, 2021.[10] On the service form, a Marshal checked a box stating "I have legal evidence of service" and then hand-wrote "served by certified/registered mail" and further stated "signature not required."[11] The Clerk entered an accompanying docket order stating: "SUMMONS Returned Executed by Abdulfotikh Suleymanov. Otabek Umarov served on 11/17/2021, answer due 12/8/2021."[12]

In the meantime, the Marshals also attempted to serve the company defendant. The docket reflects both a standardized service form and a print-out from FedEx stating that a complaint and summons for Winston Premier Logistics, LLC was delivered to the Florida address on November 17, 2021.[13] As was done for the FedEx delivery to Umarov, a Marshal checked a box stating "I have legal evidence of service" and then hand-wrote "served by certified/registered mail" and further stating "signature not required."[14] The Clerk entered an accompanying docket order stating: "SUMMONS Returned Executed by Abdulfotikh Suleymanov. Winston Premier Logistics, LLC served on 11/17/2021, answer due 12/8/2021"[15]

In January 2022, Suleymanov moved for entry of default against the company only.[16] Notwithstanding the Clerk's docket entry stating that the company had been properly served, I

---

[9] Doc. #17 (docket order).
[10] Doc. #25. This document for service on Umarov was not posted to the docket until May 26, 2022. *Ibid.*
[11] *Id.* at 1.
[12] Doc. #25 (docket order).
[13] Doc. #18. A comparison of the docket entries for FedEx to Umarov and the company suggest that there were separate package tracking numbers but that they were delivered to the Florida address at the same time.
[14] *Id.* at 1.
[15] Doc. #18 (docket order).
[16] Doc. #19.

denied the motion because it did not appear that service on the company was proper.[17] I further

instructed the Marshals to serve the company in accordance with Conn. Gen. Stat. § 52-59b(c).[18]

That law allows service on an out-of-state defendant who does business in Connecticut. It

provides for a two-step procedure by which service may be made upon the Connecticut Secretary

of State and then "by sending to the defendant at the defendant's last-known address, by

registered or certified mail, postage prepaid, return receipt requested, a like true and attested

copy with an endorsement thereon of the service upon the Secretary of the State."[19]

Some months later the Marshals delivered a summons and complaint for the company to

the Connecticut Secretary of State on May 16, 2022.[20] But nothing on the docket shows that they

followed this up—as § 52-59b(c) requires—by sending to the company an attested copy of the

service that was made upon the Secretary of State and that bore an endorsement thereon of the

service upon the Secretary of the State. Instead, the docket reflects merely a duplicate filing of

the first FedEx mailing that was made to the company in October 2021.[21]

---

[17] Docs. #18, #20.

[18] Doc. #20.

[19] Section 52-59b(c) provides in full: "Any nonresident individual, foreign partnership or foreign voluntary association, or the executor or administrator of such nonresident individual, foreign partnership or foreign voluntary association, over whom a court may exercise personal jurisdiction, as provided in subsection (a) of this section, shall be deemed to have appointed the Secretary of the State as its attorney and to have agreed that any process in any civil action brought against the nonresident individual, foreign partnership or foreign voluntary association, or the executor or administrator of such nonresident individual, foreign partnership or foreign voluntary association, may be served upon the Secretary of the State and shall have the same validity as if served upon the nonresident individual, foreign partnership or foreign voluntary association personally. The process shall be served by the officer to whom the same is directed upon the Secretary of the State by leaving with or at the office of the Secretary of the State, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant at the defendant's last-known address, by registered or certified mail, postage prepaid, return receipt requested, a like true and attested copy with an endorsement thereon of the service upon the Secretary of the State. The officer serving such process upon the Secretary of the State shall leave with the Secretary of the State, at the time of service, a fee of fifty dollars, which fee shall be taxed in favor of the plaintiff in the plaintiff's costs if the plaintiff prevails in any such action. The Secretary of the State shall keep a record of each such process and the day and hour of service."

[20] Doc. #22.

[21] Doc. #24.

In July 2022, I ruled that the company had still not been properly served in compliance with § 52-59b(c).[22] I noted that "[a]lthough the Marshals appear to have complied with [§ 52-59b(c)'s] first requirement by sending the complaint to the Connecticut Secretary of State, they do not appear to have complied with the second requirement, sending the complaint to the defendant's last-known address, 'return receipt requested.'"[23] Therefore, I directed the Marshals to complete service on the company.[24]

On August 21, 2022, the Marshals attempted to serve the company again at the Florida address—but this time by means of personal service rather than by using FedEx.[25] A Marshal personally served a "[l]ady at home [who] refused to give [her] name" and whom the Marshal certified as "[a] person of suitable age and discretion then residing in the defendant's usual place of abode."[26] The Marshals' form reflects a single service package ("1" filled in for "Total Process") for solely the company and without reference to Umarov.[27]

Suleymanov has filed two motions. First, he moves for relief from my order requiring the Marshals to re-serve the company.[28] He primarily argues that service of process was proper despite the absence of a signed return receipt.[29] Second, he moves for default entry against both defendants.[30] Neither defendant has appeared in this action or filed any objection or other response to these two motions.

---

[22] Doc. #26.
[23] *Ibid.*
[24] *Ibid.*
[25] Doc. #30.
[26] *Id.* at 1.
[27] *Ibid.*
[28] Doc. #27.
[29] *Id.* at 3 (citing *Morgan Chase Bank, Nat'l Ass'n v. Ryder*, 2019 WL 4060166, at *3 (Conn. Super. Ct. 2019)).
[30] Doc. #31.

**DISCUSSION**

A federal court may not grant relief against a defendant unless it has personal jurisdiction over the defendant. "In general, three requirements must be satisfied before a district court may lawfully exercise personal jurisdiction over a party: (1) the plaintiff's service of process upon the defendant must have been procedurally proper; (2) there must be a statutory basis for personal jurisdiction that renders such service of process effective; and (3) the exercise of personal jurisdiction must comport with constitutional due process principles." *Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petroleum Corp.*, 40 F.4th 56, 68–69 (2d Cir. 2022).[31]

Here, my focus is on the first of these requirements: whether the defendants were properly served with process. Rule 4 of the Federal Rules of Civil Procedure sets forth the requirements for a plaintiff to properly service of process, and it is ultimately the plaintiff's burden to demonstrate that a defendant has been properly served. *See Buon v. Spindler*, 65 F.4th 64, 73 (2d Cir. 2023). I will first address the adequacy of service with respect to Umarov before addressing the adequacy of service with respect to the company.

### *Service on Umarov*

Rule 4(e) of the Federal Rules of Civil Procedure allows a plaintiff to serve an individual defendant who is within the United States in several ways. First, a plaintiff may validly serve process on a defendant in accordance with either the state law of the forum (here, Connecticut) or with the law of the State where the service is to be made (here, Florida). *See* Fed. R. Civ. P. 4(e)(1). Alternatively, a plaintiff may serve process by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

---

[31] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

6

or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

As noted above, the initial attempt to serve Umarov was by means of a FedEx package that was directed to the Florida address but that was returned and with a notation by the Marshals of "unable to deliver."[32] This was followed by sending a FedEx package to Umarov at the Florida address and for which FedEx confirmed the fact of delivery on November 17, 2021, but for which there was no signature required.[33] For reasons set forth below, I conclude that this manner of service—transmission to a defendant's address of a summons and complaint by means of a FedEx delivery for which no signature was required—does not amount to valid service of process under Connecticut law, under Florida law, or under Fed. R. Civ. P. 4(e)(2).

Start with Connecticut law. An action is commenced in Connecticut by means of serving process that includes a writ of summons and the complaint. *See* Conn. Gen. Stat. § 52-45a. The usual rule for service of process in Connecticut is that a defendant must be personally served or process left at his usual place of abode. *See* Conn. Gen. Stat. § 52-57(a). Merely sending process by FedEx or mail is ordinarily not enough. "The clear impact of [section] 52-57(a) is that one of its two alternatives, personal or abode service, must be followed except as otherwise provided in the General Statutes," and § 52-57 "does not permit service by certified mail." *Madej v. Yale Univ.*, 2021 WL 6497218, at *4 (D. Conn. 2021).

Yet, for cases like this one involving service on non-resident defendants who do business in Connecticut, a plaintiff need not necessarily dispatch an agent beyond the State's borders to ensure that the defendant is served in person or at his usual place of abode. Instead, a Connecticut statute—Conn. Gen. Stat. § 52-59b(c)—instructs that the defendant "shall be

---

[32] Doc. #17.
[33] Doc. #25.

deemed to have appointed the Secretary of the State as its attorney and to have agreed that any

process in any civil action brought against the nonresident individual … may be served upon the

Secretary of the State and shall have the same validity as if served upon the nonresident

individual … personally."[34]

The statute further instructs the plaintiff to serve the summons and complaint on the

Connecticut Secretary of State and then follow it up by sending "to the defendant at the

defendant's last-known address, *by registered or certified mail*, postage prepaid, return receipt

requested, a like true and attested copy with an endorsement thereon of the service upon the

Secretary of the State." Conn. Gen. Stat. § 52-59b(c) (emphasis added). Thus, as Judge Newman

has observed, "under § 52-59b one copy is served on the secretary of the state together with the

appropriate fee, and a second copy with an endorsement of the service upon the secretary is sent

to the defendant at his last known address by registered or certified mail." *Bartels v. Int'l

Commodities Corp.*, 435 F. Supp. 865, 867–68 (D. Conn. 1977).

The Marshals have not satisfied these requirements for valid service on Umarov.

Although the Marshals delivered the *company's* process to the Secretary of State, there is no sign

that they ever delivered *Umarov's* process to the Secretary of State. As Connecticut courts have

observed, "the failure to leave process with the Secretary of State's office is no service at all

under § 52-59b(c)." *Pasquariello Elec. Corp. v. Nyberg*, 2009 WL 3739445, at *6 (Conn. Super.

Ct. 2009) (quoting *Frechette v. Day Kimball Hospital*, 1998 WL 166264, at *2 (Conn. Super. Ct.

1998)).

---

[34] As noted above, this manner of service is restricted by the statute's terms to non-residents who do business or have other qualifying connections to Connecticut. *See* Conn. Gen. Stat. § 52-59b(a) (listing criteria to include among others a non-resident defendant who "[t]ransacts any business within the state") The complaint plausibly alleges that Umarov hired Suleymanov in Connecticut to conduct trucking operations in Connecticut and elsewhere. Doc. #1 at 6.

Moreover, there is no record to suggest that the Marshals followed up their service on the Secretary of State by sending to Umarov an endorsed copy of the process that was served on the Secretary of State. Instead, the docket reflects the transmission of a FedEx package addressed to Umarov at the Florida address in November 2021—about six months *before* the Marshals served process on the Secretary of State in May 2022.

On top of all this, the Marshals used FedEx, rather than the U.S. Postal Service. To be sure, § 52-59b(c) does not explicitly preclude a plaintiff from using FedEx to serve a non-resident defendant. But it requires the use of "registered or certified mail." And construing similar service-of-process language in other statutes, at least two Connecticut courts have ruled that a party's use of FedEx does not satisfy statutory requirements for the use of the mails to serve process. *See Wells Fargo Bank, N.A. v. Yorfino*, 2020 WL 5984323, at *6 (Conn. Super. Ct. 2020) (concluding for purposes of Conn. Gen. Stat. § 8-265ee(a) that "the phrase 'registered, or certified mail prepaid' refers only to the United States Postal Service (USPS) and does not refer to any of the entities mentioned above [including FedEx] including electronic means"); *Williams v. State*, 2001 WL 1285621, at *2 (Conn. Super. Ct. 2001) (concluding for purposes of Conn. Gen. Stat. § 4-183(c) that use of FedEx did not satisfy statutory requirement for use of "United States mail").[35]

Federal courts have reached the same conclusion when construing Rule 4(i) of the Federal Rules of Civil Procedure—a rule which expressly requires the use of "registered or certified mail" for the purpose of serving federal government defendants. These courts have

---

[35] Many States have similar or identical "registered or certified mail" language in their service-of-process statutes. *See generally* Feerick Ctr. for Soc. Just., Fordham L. Sch., *State-By-State Survey of Process Server Provisions* (2009), https://www.ftc.gov/sites/default/files/documents/public_comments/protecting-consumers-debt-collection-litigation-and-arbitration-series-roundtable-discussions-august/545921-00025.pdf [https://perma.cc/9DNQ-Y7SF] (last accessed Aug. 2, 2023).

concluded that the requirement of service by "registered or certified mail" means a party must use the U.S. Postal Service rather than a private delivery company like FedEx. *See Shepard v. U.S. Dep't of Veterans Affs.*, 819 F. App'x 622, 623 (10th Cir. 2020); *Lietz v. Drug Enforcement Admin.*, 2023 WL 4303853, at \*2–3 (D. Idaho 2023); *Sample v. Dollar Gen.*, 2022 WL 885770, at \*4 (S.D. Ala. 2022), *report and recommendation adopted*, 2022 WL 885030 (S.D. Ala. 2022); *Hin v. U.S. Dep't of Just. U.S. Marshals Serv.*, 2022 WL 705617, at \*7–8 (E.D. Cal. 2022); *McGee-Hudson v. United States*, 2017 WL 11708325, at \*6–7 (M.D. La. 2017); *cf. Zavala v. Jaddou*, 2023 WL 2731696, at \*1 (C.D. Cal. 2023) (use of U.S. Postal Service's "Priority Mail Express" service did not satisfy Rule 4(i)'s requirement for use of "registered or certified mail"). Thus, "[s]everal federal courts have held that the term 'mail' in the Federal Rules of Civil Procedure governing service does not encompass private carriers such as Federal Express." *NxSystems, Inc. v. Monterey Cnty. Bank*, 2012 WL 4093932, at \*2 (D. Or. 2012) (citing cases).

I agree with these rulings. Section 52-59b(c)'s reference to "mail" connotes a manner of delivery service historically conducted by the U.S. Postal Service. And the statute's reference to "certified or registered mail" connotes a particular service offered by the U.S. Postal Service.

If the Connecticut legislature intended when enacting § 52-59b(c) to allow for service by means of a private delivery service such as FedEx, it could have said so by referring to means of delivery other than "registered or certified mail." *See, e.g.*, Fed. R. Civ. P. 4(d)(1)(G) (service rule allowing a request for waiver of service to be transmitted "by first-class mail *or other reliable means*") (emphasis added); *Phoenix Ent. Partners, LLC v. Sing Sing Bell Inc*., 2016 WL 215235, at \*1 (S.D.N.Y. 2016) (use of FedEx permissible as "other reliable means" for purposes of sending notice of waiver under Fed. R. Civ. P. 4(d)(1)(G)).[36]

---

[36] Indeed, the docket reflects that the Marshals' initial use of FedEx in October 2021 was for the purpose of furnishing forms for Umarov to waive personal service of process pursuant to Rule 4(d) rather than an attempt to

It may be true—as Suleymanov points out—that Connecticut law "does not require actual delivery, but the mere placing of the documents in the mail" and that "proof of delivery and the signing of the return receipt is not a requirement in order to satisfy notice under Connecticut law." *Thorstenson v. Sinomax USA, Inc.*, 2020 WL 5594117, at *5 (D. Conn. 2020) (quoting *Morgan Chase Bank, Nat'l Ass'n v. Ryder*, 2019 WL 4060166, at *3 (Conn. Super. Ct. 2019)). But that is beside the point, because § 52-59b(c) expressly requires the use of "mail" in the first place. It requires the use of certified or registered mail—a service furnished by the U.S. Postal Service, not a private delivery service such as FedEx. Accordingly, notwithstanding evidence that the service package was successfully delivered by FedEx to Umarov's address in Florida, I conclude that this manner of service was not proper under Connecticut law.

The same holds true for Florida law. Florida requires that service of process on an individual "is made by delivering a copy of [the summons] to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a). Service by mail—even registered or certified mail—does not satisfy Florida law. *See Guante v. Resposito*, 2016 WL 2621451, at *1–2 (S.D. Fla. 2016); *Crenshaw v. City of Defuniak Springs*, 2013 WL 3929126, at *2 (N.D. Fla. 2013).

Nor was service proper under any of the alternative means allowed under Rule 4(e)(2). In particular, the record does not show that process for Umarov was served on Umarov personally, that it was left at his dwelling or usual place of abode with someone of suitable age and

---

effectuate service pursuant to Rule 4(e). Doc. #17. Nothing in this ruling is intended to suggest that the Marshals should not use FedEx or other reliable private carriers to transmit process waivers in accordance with Rule 4(d), as distinct from actual service of process in accordance with Rule 4(e) in cases where a defendant has failed or declined to waive service.

discretion, or that process was delivered to an appointed or authorized agent to receive service of process.

To be sure, the Marshals delivered a summons and complaint to the Connecticut Secretary of State in May 2022, and they later left a copy of a summons and complaint at the Florida address with a person deemed to be of suitable age and discretion in August 2022. But the service forms reflects that this process was addressed to the *company* rather than to *Umarov* personally.

It is true as well that the Marshals also sent process addressed to Umarov by FedEx to the Florida address in November 2021. But no signature was required. Without a signature or other evidence of who received the FedEx delivery, there are no grounds to conclude that this FedEx delivery was served on Umarov personally or left with a person of suitable age and discretion as Rule 4(e)(2) requires. Other courts have ruled that delivery of process by FedEx where no signature was required does not meet Rule 4(e)(2)'s service requirements. *See Lee v. United States*, 2022 WL 2987909, at *3 (M.D. Pa. 2022); *Soares v. Boyd*, 2019 WL 1119353, at *3 (E.D. Ky. 2019).

I note, however, that if the Marshals had delivered a service package *for Umarov* to the Connecticut Secretary of State, then this would have been proper service under Rule 4(e)(2)(C) which requires only that there be a delivery to an agent authorized by law to accept process on behalf of the defendant. Rule 4(e)(2)(C) would have been satisfied because Conn. Gen. Stat. § 52-59b(c) expressly authorizes the Secretary of State to accept process for a non-resident defendant like Umarov who transacts business in Connecticut.[37]

---

[37] Of course, a non-resident defendant might raise a due process objection to simple service on the Connecticut Secretary of State if no further steps were taken to furnish actual notice to the defendant of the lawsuit. That is a good reason why a plaintiff might be wise to follow the additional steps that Conn. Gen. Stat. § 52-59b(c) requires in terms of subsequent registered or certified mailing of the process package to the defendant's out-of-state address.

In short, the record does not show that Umarov has been properly served. Accordingly, I will deny Suleymanov's motion for default entry with respect to Umarov. But pursuant to Fed. R. Civ. P. 4(m), I will extend the time by 30 days for the Marshals to serve Umarov by means of delivering a copy of the summons in Umarov's name and the complaint to the Connecticut Secretary of State in accordance with Rule 4(e)(2)(C).

### *Service on the company*

As noted above, the defendant Winston Premier Logistics, LLC is a limited liability company. This status as a limited liability company—rather than a traditional corporation— means that it is subject to service under Rule 4(h)(1) of the Federal Rules of Civil Procedure which governs the manner for service of process on unincorporated associations. *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014); *Lim Tung v. Deutsche Bank Tr. Co.*, 2022 WL 471907, at *6 (E.D.N.Y. 2022); *see also* Charles Alan Wright & Arthur R. Miller *et al.*, FEDERAL PRACTICE AND PROCEDURE § 3812 (4th ed. 2021) ("Unincorporated entities consist of associations that are not chartered as corporations" and includes "limited liability companies").

Rule 4(h) allows for service of process on a limited liability company that is within the United States in either of two ways: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1).

---

Here, however, in light of the multiple FedEx packages sent to and the Marshals' personal visit to the Florida address, it appears highly unlikely that Umarov could credibly assert that he lacked notice of this litigation.

Starting with the first way, Rule 4(e) allows service on an individual by means of "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Therefore, I consider whether the company was served in compliance with Connecticut or Florida law.

As to Connecticut law, I have previously discussed the scope and requirements of Conn. Gen. Stat. § 52-59b(c) which specifies how a non-resident defendant—whether an individual or a limited liability—may be served. *See Fasetta v. Pawcatuck Landing, LLC*, 2015 WL 6234795, at *2 (Conn. Super. Ct. 2015) (noting that "§ 52-59b, the applicable longarm statute in this case, does apply to foreign limited liability companies"); *see also Corsair Special Situations Fund, L.P. v. Nat'l Res.*, 595 F. App'x 40, 45 (2d Cir. 2014) (applying § 52-59b(c) to a foreign limited liability company). But the same reasons that preclude application of § 52-59b(c) to Umarov also largely preclude its application to his company—namely, the failure to follow up service of the company's process on the Secretary of State by means of a registered or certified mailing of an endorsed copy of the process to the company in Florida.

Connecticut has other statutes that prescribe a procedure for service on a foreign limited liability company. One of them provides that "[a] foreign limited liability company, by transacting business in this state without a foreign registration certificate, appoints the Secretary of the State as its agent for service of process with respect to a cause of action arising out of the transaction of business in this state" and that "[s]uch foreign limited liability company may be served in the manner provided in subsection (b) of section 34-243r." Conn. Gen. Stat. § 34-275a(f).[38] Section 34-243r(b) in turn allows for service by means of "leaving two true and

---

[38] A query of the Connecticut Secretary of State's website does not reflect that Winston Premier Logistics, LLC has registered to do business in Connecticut.

14

attested copies of such process together with the required fee at the office of the Secretary of the State or depositing the same in the United States mail, by registered or certified mail, postage prepaid, addressed to said office." *Id.* § 34-243r(b).

But the record does not show that service was proper under § 34-243r(b). Although the Marshals served a copy of the company summons and complaint on the Secretary of State, they did not leave *two* copies of these materials as the statute requires. Therefore, technical as this failure may seem, the company has not been validly served under Connecticut law.

Nor was the company validly served under Florida law. "Florida Statute § 48.062 governs service of process on limited liability companies in Florida." *Foremost Prop. & Cas. Ins. Co. v. Fentress Bus. Ctr., LLC*, 2022 WL 19842687, at *1 (M.D. Fla. 2022). That statute provides in relevant part for service of the company's process "on the registered agent designated by the limited liability company." Fla. Stat. § 48.062(1). When serving an individual such as a registered agent, Florida law allows the summons and complaint to be left "at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." *Id.* § 48.031(1)(a).

Here, the Marshals left a copy of the company summons and complaint with a "lady" at the Florida address and whom the serving officer deemed to be of suitable age and discretion.[39] But there is nothing to show—as § 48.031(1)(a) requires—that the lady resided there or that she was informed of the contents of the service package.

Even though service of the company was not valid under Connecticut or Florida law, Rule 4(h)(1) alternatively provides that service may be validly completed merely "by delivering a copy of the summons and of the complaint to any other agent *authorized by appointment or by*

---

[39] Doc. #30 at 1.

*law to receive service of process* and—if the agent is one authorized by statute and the statute so

requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B) (emphasis

added). For an unregistered foreign limited liability company like Winston Premier Logistics,

LLC that transacts business in Connecticut, the Secretary of State is authorized by two laws to

receive service of process on its behalf. *See* Conn. Gen. Stat. §§ 52-59b(c), 34-275a(f).

To be sure, these two laws as discussed above do more than appoint the Secretary of

State to receive process: they impose additional state law requirements to complete service. But

Rule 4(h)(1)(B) does not do so except for its proviso that there be a "mailing" of the service

package to the defendant if "the statute so requires." On the one hand, Conn. Gen. Stat. § 52-

59b(c) imposes such a mailing requirement (which as discussed above I have found was not

done). On the other hand, neither Conn. Gen. Stat. § 34-275a(f) nor § 34-243r(b) impose any

further mailing requirement. So, therefore, the Marshals' service of the company's summons and

complaint on the Secretary of State was proper under Rule 4(h)(1)(B).

Because the company has been properly served and not appeared to defend in this action,

I will grant Suleymanov's motion for default entry against the company. Now Suleymanov may

file a motion for default judgment against the company. *See City of New York v. Mickalis Pawn

Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (explaining two-step process for default entry and

default judgment under Fed. R. Civ. P. 55). Any motion for default entry must be accompanied

by a claim for and specific calculation of damages, and such damages should be substantiated

with a sworn declaration of Suleymanov and any other supporting materials to substantiate his

damages claim. For example, to the extent that the complaint alleges that Suleymanov was not

paid in May and June 2021, Suleymanov's submission should make clear what rate of pay was

agreed to and precisely how much was left unpaid.

## CONCLUSION

For the reasons set forth above, the Court DENIES IN PART and GRANTS IN PART Suleymanov's motion for default entry (Doc. #31). The Court DENIES the motion as to defendant Umarov for lack of a showing that he was properly served. The Court GRANTS the motion as to defendant Winston Premier Logistics, LLC on the ground that it has been properly served but has failed to appear or defend against the complaint. Suleymanov may file a motion for default judgment and supporting evidentiary materials within 30 days that substantiates his claim for damages as set forth in this ruling.

The Court DENIES as moot Suleymanov's motion for relief (Doc. #27). The motion is moot because the Court has now ruled that service was proper on Winston Premier Logistics, LLC.

The Court extends the time for 30 more days for the Marshals to properly serve Umarov. The Marshals shall effectuate service on Umarov by delivering to the office of the Connecticut Secretary of State a true and attested copy of a summons in the name of Otabek Umarov and a copy of the complaint. The Marshals are requested to complete a service form reflecting their service on the Secretary of State.

It is so ordered.

Dated at New Haven this 7th day of September 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

17